IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Saul Armando Palomino-Cruz, | ) | No. CV-15-01851-PHX-DLR (MHB) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Kathy Tracy, | ) | |
| Respondent. | ) | |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

On September 16, 2015, Petitioner Saul Armando Palomino-Cruz, an inmate currently incarcerated at the Federal Correctional Institution ("FCI"), Taft, California, filed a *pro se* Petition for Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. §2241, listing four grounds for relief, all relating to alleged improper actions by the United States Bureau of Prisons ("BOP") that Petitioner claims have resulted in his release date being improperly calculated. (Doc. 1, at 4-7.) On December 7, 2015, Respondent filed her Response in Opposition to Petitioner's habeas petition. (Doc. 12.) Petitioner then filed a Request to Court and Reply in Response to Opposition on January 4, 2016. (Doc. 13.)

**BACKGROUND**

On February 27, 2012, Petitioner was sentenced in the United States District Court for the District of Arizona to twenty four (24) months for the crime of Possession with Intent to Distribute Approximately 60 kilograms of Marijuana, in case number CR 11-02036-TUC-DCB (hereinafter "first sentence"). (Doc. 12-1 at 7.) Petitioner was given credit for time

1 served. (Id.) Petitioner received credit toward his sentence from date of arrest May 9, 2011, to date of sentence, February 26, 2012. (Doc. 12-1 at 21.) On November 19, 2012, Petitioner was sentenced in the United States District Court for the District of Arizona to fifty seven (57) months for the crime of Re-Entry After Deportation, in case number CR 12-01144-TUC-JGZ (hereinafter "second sentence") (Doc. 12-1 at 10.) The sentence was ordered to run concurrently with Petitioner's first sentence, and Petitioner was given credit for time served. (Id.) On January 16, 2013, Petitioner was sentenced in the United States District Court for the District of Arizona to sixty (60) months for the crime of Conspiracy to Possess with Intent to Distribute Marijuana and sixty (60) months for the crime of Possession with Intent to Distribute Marijuana, in case number CR-02-00272-TUC-RCC (hereinafter "third sentence"). The sentences were ordered to be served concurrently with each other and concurrently with Petitioner's first and second sentence, with the exception of eight (8) months, which the court ordered served consecutively with Petitioner's first and second sentence. (Doc. 12-1 at 14.)

**HABEAS PETITION**

In the first three grounds of Petitioner's habeas petition he claims that the BOP "is ignoring the language and/or miscalculating" his jail-time credits for his three sentences. (Doc. 1 at 4-6.) In ground four of his habeas Petition, Petitioner combines the previous three grounds into one. (Id. at 7.) In support of his claims, Petitioner attaches the documents from his administrative challenge to BOP's time computation. (Id. at 10-20.) Respondent concedes that Petitioner has exhausted his administrative remedies. (Doc. 12, at 3.) See, Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

**ANALYSIS**

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) ("[a]fter Congress enacted §3568 in 1966, the BOP developed detailed procedures and guidelines for determining the credit available to prisoners.") The statute governing calculation of a term of imprisonment provides that a federal sentence commences

on the date the defendant is received in custody to begin service of his sentence. 18 U.S.C. §3585(a). Thus, a federal sentence can not commence any earlier than the date on which it was imposed. Schleining v. Thomas, 642 F.3d 1242, 1247-48 (9th Cir. 2011). This is true, even when a Federal sentence is ordered to run concurrently with a sentence that is already being served. Id.; Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983). Pursuant to 18 U.S.C. §3585(b), a prisoner shall be given credit toward his sentence for prior custody as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Pursuant to 18 U.S.C. §3584(c), "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." As set forth above, the BOP cannot commence a term of imprisonment any earlier than the date on which it was imposed. Thus, Petitioner's second sentence could not commence until his sentencing date - November 19, 2012. Therefore, it did not commence until 8 months and 23 days after his first sentence began on February 27, 2012. (Doc. 12-1, Sherrod Decl.[1] at 4-5 ¶8.) To aggregate Petitioner's first two terms of imprisonment, the BOP therefore added Petitioner's 57-month term to the 8 months and 23 days that he had already served on his first sentence, yielding a single, aggregate term of 65 months and 23 days (or five years, five months and 23 days). (Id.) Petitioner's third sentence of 60 months includes 52 months that runs concurrently (as it is less than the

---

[1] Respondent attaches a Declaration, made under penalty of perjury, of Kevin Sherrod, a Management Analyst at the Designation and Sentence Computation Center, in Grand Prairie, Texas. (Doc. 12-1 at 3-5.) Mr. Sherrod has "worked for the [BOP] since July, 1987, and [has] worked in the area of sentence computation since May, 1995." (Id. ¶1.) Mr. Sherrod certifies the BOP records relating to Petitioner's time computation that are attached to Respondent's Response. (Id. ¶¶2, 3.)

1 aggregate term, it does not add any time to Petitioner's sentence), and the 8 months that the
2 sentencing judge ordered to be served consecutively, and thus the total aggregate sentence
3 is 73 months and 23 days, which commenced on the date of Petitioner's first sentence,
4 February 27, 2012. (Id. ¶¶ 8-9.) Petitioner was credited toward this aggregate term the 309
5 days he spent in custody prior to the commencement of his first sentence. (Id. ¶10.)
6 Petitioner's full-term release date, absent good time credits, is June 13, 2017. (Id.) If
7 Petitioner earns all Good Conduct Time, his projected release date is September 23, 2016.
8 (Id.)

9         Petitioner claims that his full term expiration date should be October 9, 2016. (Doc.
10 1 at 9.) He appears to be arguing that he should have received credit for time in custody
11 awaiting his second sentence, and for time in custody awaiting his third sentence. Also, in
12 Petitioner's Reply, he requests that this Court seek a "declaration" from the sentencing
13 judges as to what was their intent, and asserts that the intent of the last Federal judge to
14 sentence him was that he only serve an aggregate sentence of 65 months. (Doc. 13.)
15 Although the trial court awarded "credit for time served" on each of these sentences, the BOP
16 is tasked with the duty and authority to calculate prior custody credit. Wilson, 503 U.S. at
17 334; United States v. Laulemaga, 280 F.3d 1260, 1265 (9th Cir. 2002). Additionally, where
18 time spent in custody has been credited toward the satisfaction of one Federal sentence, that
19 time can not be credited as prior custody credit toward another Federal sentence. See 18
20 U.S.C. §3585(b); Wilson, 503 U.S. at 337. Thus, Petitioner is not entitled to any prior
21 custody credit toward his second and third sentence, because all of the time he has spent in
22 federal custody has been credited toward his sentence.

23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

**CONCLUSION**

For the foregoing reasons, this Court finds that the claim raised in Petitioner's habeas petition lacks merit, and, therefore, this Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 14th day of April, 2016.

Michelle H. Burns
United States Magistrate Judge